IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

TOMAS J NSANG SILEBO,                    CASE NO.:

    Plaintiff,                           DIVISION:

v.

GREAT LAKES DREDGE AND DOCK COMPANY LLC

    Defendant.

_____/

## COMPLAINT

    Plaintiff, Tomas J Nsang Silebo, sues Defendant, Great Lakes Dredge and Dock Company LLC, and alleges that:

1.    This is an action for damages that exceed $30,000, exclusive of court costs and attorney's fees.

2.    This is an action for compensatory and punitive damages due to race discrimination in employment brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq., and* the Civil Rights Act of 1991, 42 U.S.C. § 1981a, *et seq.*, which effects the nature of claims and damages for cases brought pursuant to Title VII.

3.    The Court has jurisdiction to hear this cause pursuant to 42 U.S.C. § 2000e-5(f) and other applicable federal and laws.

4.    At all times relevant, Defendant was a foreign corporation licensed and registered to do business in Florida.

5.    At all times relevant, Plaintiff was a citizen of the United States.

6.    At all times relevant, Plaintiff was an "employee" and Defendant was an "employer" as contemplated by Title

VII.

7.   At all times relevant, prior to June 2019, Plaintiff
     was employed by Defendant in the capacity as a welder
     and deckhand based out of Defendant's Jacksonville,
     Florida location. But, he resigned under duress and
     false promises. Then in June 2019, Plaintiff reapplied
     for positions as a deckhand and welder based out of the
     company's Jacksonville, Florida office and location.

8.   At all times relevant, Plaintiff resided in
     Jacksonville, Duval County, Florida, and worked for
     Defendant in Jacksonville, Duval County, Florida, but
     out of his Jacksonville, Florida home location
     Plaintiff was routinely assigned to perform work
     functions for the company, in the past, in various
     Florida, and out of state locations, and would have
     been working in such locations had he been rehired. As
     such, a totality of the circumstances shows at all
     times in the past and prospectively in the future he
     was and would have been a Jacksonville, Florida based
     employee, and his June 2019 application for re-
     employment was submitted as being for employment with
     and for the Jacksonville office of the company.

9.   All acts giving rise to Plaintiff's claims occurred in
     Jacksonville, Duval County, Florida.

10.  Prior to June 2019, Plaintiff who is Black, was one of
     very few Black employees of the company working in any
     capacity as a deckhand, welder or in any similar
     functions.

11.  During his time with the company prior to June 2019,
     the company had a desire, and engaged in a planning
     process, to reduce the number of employees who were
     Black, solely and wholly because of their race.

12.  As a result, prior to June 2019, Plaintiff was falsely
     accused of a rule violation for which he was not in
     fact guilty. However, Defendant insisted upon his guilt
     and further insisted that he resign as a result of it.
     Plaintiff however, knowing he was innocent, did not
     want to resign and felt that the company's motivations
     were improper. However Plaintiff was motivated to
     resign solely and wholly because the company advised
     him that his need to resign was only, in reality, a
     technicality, and that it intended to rehire him as a

deckhand or welder upon his re-application. Thus,
Plaintiff resigned seeing the circumstances as a
vehicle to best protect his job without causing a
problem with the company.

13.   Plaintiff reapplied for deckhand and welder positions
with the company expecting to be summarily rehired, but
his applications were ignored.

14.   The company insisted and de facto forced Plaintiff to
resign solely and wholly because he was Black and
separately refused to rehire him solely and wholly
because he is Black, and because it currently has a
disposition toward removing Blacks from the workplace
and not hiring them.

15.   This action is based solely and wholly upon the failure
of the company to rehire Plaintiff because he's Black,
and matters pleaded related to this firing because he
was Black are not an issue in this lawsuit as pleaded
claims, but are pleaded and discussed only for
evidentiary context.

16.   On or about August 9, 2019 Plaintiff timely filed a
Charge of Discrimination with the United States Equal
Employment Opportunity Commission (EEOC), Charge Number
440-2019-05936 wherein Plaintiff charged Defendant with
race discrimination in employment related to the
failure and refusal to rehire Plaintiff by Defendant in
contravention of Title VII of the Civil Rights Act of
1964, 42 U.S.C. 2000e, *et seq.*

17.   The EEOC issued Plaintiff a notice of suit rights which
allowed Plaintiff to bring the instant action against
Defendant, a copy of which is attached to this
complaint as "EXHIBIT A."

18.   This action against Defendant is timely commenced
because it was filed within 90 days of Plaintiff's
receipt of his notice of suit rights letter.

19.   As a result of Defendant's illegal race discrimination
against Plaintiff, Plaintiff has suffered damages, and
will suffer damages in the future, consisting of loss
of back pay, interest on back pay, loss of front pay,
loss of anticipated salary due to salary increases,
loss of opportunity, emotional pain, suffering and
inconvenience, and mental anguish.

20. Plaintiff may retain an attorney to assist him in prosecuting this matter, and in the event he does so, Plaintiff is entitled to recover his reasonable attorney's fees incurred therefor from Defendant should he be the prevailing party in this matter, and subject to any appropriate *Lonestar* multiplier.

21. In the event Plaintiff retains an attorney to assist him with the prosecution of this matter, Plaintiff is entitled to recover from Defendant his reasonable attorney's fees incurred in prosecuting this action pursuant to the laws cited in paragraph 2, *supra*.

22. Defendant engaged in the above-stated race discrimination as to Plaintiff with malice or reckless indifference to Plaintiff's federally-protected rights.

23. Defendant should be punished for it's actions towards Plaintiff.

**WHEREFORE,** Plaintiff demands judgment against Defendant for the compensatory damages as alleged above, plus punitive damages, court costs, reasonable attorney's fees (if and when appropriate), and other legal and equitable relief the Court deems just and proper.

<u>**JURY DEMAND**</u>

Plaintiff demands a trial by jury on all issues so triable.

_____
TOMAS J NSANG SILEBO
*Plaintiff pro se*
3750 Grant Rd
Jacksonville, FL 32207
(904)415-6360
Popopee2000@yahoo.com

"EXHIBIT A"

